UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>  Plaintiff,<br><br>v.<br><br>NOVA LENDING SOLUTIONS, LLC, a Georgia Limited Liability Company; LEE AIKEN, an individual,<br><br>  Defendants. | Case No.: 20-cv-1707-DMS-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT** |

This matter comes before the Court on Plaintiff Anton Ewing's motion for a more definite statement. Defendants Nova Lending Solutions, LLC, and Lee Aiken filed an opposition. Plaintiff did not file a reply.

**I.**

**BACKGROUND**

On September 1, 2020, Plaintiff, proceeding pro se, filed a complaint alleging four violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and a violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 632.7, 637.2. (Compl., ECF No. 1.) On October 9, 2020, Defendants filed their Amended Answer to the Complaint, asserting the following affirmative defenses: (1) failure to state a cause of

action, (2) intervening and superseding cause, (3) failure to mitigate damages, (4) estoppel, (5) contributory negligence or wrongful conduct by Plaintiff, (6) unclean hands, (7) reservation of the right to assert additional affirmative defenses, (8) conduct of others, (9) unrecoverable damages, (10) indemnification, (11) waiver, (12) excuse, (13) ratification, (14) failure to mitigate damages, again, and (15) consent. (Am. Answer, ECF No. 6.)  In response to Defendants' Amended Answer, Plaintiff filed the present motion. (Pl.'s Mot., ECF No. 9.)

## II.

## DISCUSSION

Although captioned as a motion for more definite statement under Federal Rule of Civil Procedure 12(e), Plaintiff's motion relies on Federal Rule of Civil Procedure 12(f), as Plaintiff argues Defendants' Amended Answer is non-responsive and moves to strike. The Court construes Plaintiff's pro se motion liberally, *see United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020), and thus addresses each argument in turn.

**A. Rule 12(e)**

Plaintiff styles his filing as a motion for more definite statement under Rule 12(e). Under Federal Rule of Civil Procedure 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  A motion for a more definite statement pursuant to Rule 12(e) "attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  Thus, motions for a more definite statement are "disfavored and rarely granted." *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011) (citation omitted).

Moreover, "[w]hile a motion to strike may be made with reference to any pleading, a motion for more definite statement may not." *Gallagher v. England*, No. CIVR 050750AWI SMS, 2005 WL 3299509, at *3 (E.D. Cal. Dec. 5, 2005). Rule 12(e) specifies

a motion for more definite statement may be made with respect to a "pleading *to which a responsive pleading is allowed*." Fed. R. Civ. P. 12(e) (emphasis added). Here, "Defendant's answer does not require a responsive pleading (there are no counterclaims), nor is Plaintiff permitted to file one." *Gallagher*, 2005 WL 3299509, at *3 (denying Rule 12(e) motion directed toward answer); *Fernandez v. Centric*, No. 3:12-CV-00401-LRH, 2013 WL 310373, at *1–2 (D. Nev. Jan. 24, 2013) (same); *see* Fed. R. Civ. P. 7(a)(7) (stating plaintiff may only file a reply to an answer "if the court orders one"). To the extent Plaintiff's motion is made under Rule 12(e), the motion is denied.

**B. Rule 12(f)**

Plaintiff also moves to strike Defendants' Amended Answer under Federal Rule of Civil Procedure 12(f). First, Plaintiff urges the Court to strike Defendants' denials as non-responsive under Federal Rule of Civil Procedure 8(b). Second, Plaintiff asks the court to strike any affirmative defense for which Defendants "cannot provide a basis." (Pl.'s Mot. 11.) Defendants contend the Amended Answer does not violate Rule 12(f).

A court may strike an "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" in a pleading. Fed. R. Civ. P. 12(f). An insufficient defense fails to give the plaintiff fair notice of the nature of the defense. *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Id.* Under Rule 8(b)(1), a defendant's answer must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Any denial in the answer "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

Generally, motions to strike are disfavored because pleadings are of limited importance in federal practice and such motions are usually used as a delaying tactic. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). Thus, courts will generally grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). Furthermore, courts often require a showing of prejudice by the moving party. *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

Plaintiff first moves to strike Defendants' Amended Answer for failure to comply with Rule 8(b), arguing Defendants should be ordered to admit or deny each paragraph of the complaint and fairly respond to the substance of the allegation. The Court finds Defendants' Amended Answer fairly responds to the substance of the allegations. Defendants responded to each paragraph of the Complaint with a denial stating they lacked sufficient information and belief, except for paragraphs 30 and 33, which allegations Defendants admitted. (*See* Am. Answer.) Defendants' answers comply with Rule 8(b)(3)'s requirement that a party not intending to deny all the allegations "must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). Under Rule 8(b)(6), a "party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(6).

Defendants' Amended Answer indicates that Defendants reviewed Plaintiff's Complaint, admitted several allegations (paragraphs 30 and 33), and denied the remaining allegations because they lacked sufficient information to form a belief regarding the allegations' truth. This is proper under Rule 8(b). Accordingly, the Court declines to strike any portion of Defendants' Amended Answer on these grounds.

Next, Plaintiff moves to strike Defendants' affirmative defenses. However, Plaintiff does not explain how Defendants' affirmative defenses are insufficient or otherwise

impermissible under Rule 12(f). Plaintiff merely requests the Court strike any affirmative defense for which Defendants "cannot provide a basis." (Pl.'s Mot. 11.) Plaintiff alleges Defendants' affirmative defenses are "sham" defenses and that negligence defenses are improper because the TCPA is a strict liability statute. These general assertions fail to satisfy Plaintiff's burden to show Defendants' affirmative defenses should be stricken. *See Cortina*, 94 F. Supp. 3d at 1182 (stating moving party must prove matter to be stricken could have no possible bearing on the litigation); *Arthur v. Constellation Brands, Inc.*, No. 16-CV-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) ("If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits."); *Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2019 U.S. Dist. LEXIS 68851, at *3–4 (D. Ariz. Apr. 23, 2019) (in TCPA case, rejecting plaintiff's contention that affirmative defenses such as estoppel, waiver, and failure to mitigate damages were insufficient and stating motion to strike is "inappropriate vehicle to litigate the merits of a defense").

Even if some of Defendants' defenses are improperly pled as affirmative defenses, "parsing negative from affirmative defenses is unnecessary here because [Plaintiff] has made no showing that he will suffer prejudice if these defenses are not stricken or that striking them will avoid litigation of spurious issues." *Arthur*, 2016 WL 6248905, at *4; *see Martinez*, 2019 U.S. Dist. LEXIS 68851, at *9 (stating striking such improper affirmative defenses would have "no practical effect on the litigation" and would not prejudice plaintiff).[1] Plaintiff has not alleged any of Defendants' defenses are mislabeled

---

[1] "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense" but a "negative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). However, courts have stated "denials that are improperly pled as defenses should not be stricken on that basis alone, particularly where they do not prejudice Plaintiff." *Tattersalls Ltd. v. Wiener*, No. 3:17-CV-1125-BTM-JLB, 2019 WL 669640, at *3 (S.D. Cal. Feb. 19, 2019) (collecting cases) (internal quotation marks omitted); *see, e.g.*, *Sundby v. Marquee Funding Grp., Inc.*, No. 19-CV-0390-GPC-AHG,

as affirmative defenses, let alone demonstrated how any such mislabeling prejudices Plaintiff.

Accordingly, the Court denies Plaintiff's motion to strike Defendants' affirmative defenses.

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion is denied.

**IT IS SO ORDERED.**

Dated:  December 21, 2020

Hon. Dana M. Sabraw
United States District Judge

---

2019 WL 5963907, at *3 (S.D. Cal. Nov. 13, 2019) (treating affirmative defense attributing plaintiff's harm to conduct of others as specific denial); *see also Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 15-CV-02440-GPC, 2016 WL 727075, at *5 (S.D. Cal. Feb. 24, 2016) (finding reservation of future affirmative defense has no legal effect since defendant must comply with Federal Rule of Civil Procedure 15 when seeking to amend answer).