UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTON EWING, | Case No.:  20-cv-1707-DMS-KSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER (1) DENYING DEFENDANTS' MOTION TO TRANSFER VENUE, (2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| NOVA LENDING SOLUTIONS, LLC, a Georgia Limited Liability Company; LEE AIKEN, an individual, | |
| Defendants. | |

This matter comes before the Court on Defendants Nova Lending Solutions, LLC and Lee Aiken's ("Defendants") motion to transfer venue to Georgia.  Also pending before the Court is Plaintiff Anton Ewing's motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  For the following reasons, both motions are denied.

I.

BACKGROUND

Plaintiff is a resident of California.  (Compl., ECF No. 1, ¶ 17.)  Plaintiff alleges his cell phone number, which has a California area code of 619, is listed on the "National Do-Not-Call Registry."  (*Id.* ¶¶ 16, 56.)  Defendant Nova Lending Solutions, LLC ("Nova

Lending") is a Georgia limited liability company, allegedly owned by Defendant Lee Aiken. (*Id.* ¶¶ 30, 35.)

Plaintiff alleges Defendants made telemarketing calls to him without his consent. (*See* Compl. ¶ 50.) Specifically, Plaintiff claims he received numerous calls on his cell phone from Defendants or Defendants' agents during July and August of 2020. (*Id.* ¶ 12.) The callers stated they were calling from "Nova Lending" and solicited Plaintiff for loan services. (*Id.*) Plaintiff alleges Defendants called him over six times after Plaintiff told them to stop calling him. (*Id.* ¶ 44.)

As a result of these calls, Plaintiff, proceeding pro se, filed the present case against Defendants, alleging four violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and a violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 632.7, 637.2. (ECF No. 1.) Defendants filed their Amended Answer on October 9, 2020. (ECF No. 5.) Plaintiff moved for a more definite statement and to strike Defendants' Amended Answer, which motion the Court denied on December 21, 2020. (ECF No. 25.)

On November 3, 2020, Defendants filed the present motion to transfer venue to Georgia. (ECF No. 12.) Plaintiff filed an opposition, and Defendants filed a reply. On December 3, 2020, Plaintiff filed the present motion for sanctions against Defendants. (ECF No. 19.) Defendants filed an opposition, and Plaintiff filed a reply. The Court addresses each motion in turn.

## II.

## DISCUSSION

### A. Change of Venue

Plaintiff, a resident of California, filed the present case in this District. Defendants now move to transfer this case to an unspecified district in Georgia, pursuant to 28 U.S.C. § 1404(a). This statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

In deciding whether to transfer an action under § 1404(a), a court must make the following determinations: (1) whether the action "might have been brought" in the transferee court, and (2) whether "convenience of the parties and witnesses in the interest of justice" favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). In arguing for transfer of venue, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Defendants, as the moving party, bear the burden of showing transfer is appropriate. *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1189 (S.D. Cal. 2007) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

Although Defendants fail to specify in which Georgia district—Northern, Middle, or Southern—venue is allegedly proper, this action could have been filed in a Georgia court. Pursuant to statute, a civil action "may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Defendant Aiken is a Georgia resident, and Defendant Nova Lending is a company registered and doing business in Georgia. *See id.* § 1391(c)(2) (entity defendant resides in any judicial district in which it is subject to personal jurisdiction). Plaintiff acknowledges Defendants reside in Georgia. The Court therefore finds the case could have been brought in Georgia based on Defendants' residency. Accordingly, the Court turns to the second consideration in the change of venue analysis— whether transfer is appropriate for the "convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a).

In determining whether convenience and justice favor transfer, a court may consider the following factors:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Here, Defendants argue it would be inconvenient and burdensome to litigate this case in this District because the witnesses and evidence are located in Georgia and Bangladesh. Defendants, however, fail to identify any witnesses, their proposed testimony, or any reason why such witnesses would be unwilling to appear in this District. *See Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001) ("To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance."); *Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Family Tr.*, No. 08-CV-1368 W (POR), 2009 WL 10664872, at *9 (S.D. Cal. Sept. 8, 2009) ("Without proof of where the relevant witnesses reside, the testimony they will provide at trial, and that the witnesses are unwilling to travel to [the chosen forum]; [the defendant] has failed to demonstrate that this factor weighs in favor of transfer[.]"). Defendants only state generally that unspecified witnesses and evidence are in Georgia. To the extent any witnesses are in Bangladesh, either district is equally burdensome for those witnesses given international travel.

Even assuming Defendants could demonstrate inconvenience to Georgia witnesses, the Court must also weigh the inconvenience for Plaintiff to travel to Georgia, given that Plaintiff is located in this District. *See Decker Coal*, 805 F.2d at 843 (stating transfer is inappropriate where it "would merely shift rather than eliminate the inconvenience"). In addition, "technological advances in document storage and retrieval mitigate the burdens of transporting documents, if any," from Georgia to this District. *Chesapeake Climate Action Network v. Export-Import Bank of the United States*, No. C 13-03532 WHA, 2013 WL 6057824, at *3 (N.D. Cal. Nov. 15, 2013). Given these factors, the Court finds any difference in costs is likely to be negligible, and that the ease of access to sources of proof will be similar whether the case remains in this District or is transferred to Georgia.

Moreover, several other factors favor Plaintiff, thus weighing against transfer. Although both California and Georgia are equally familiar with the TCPA, a federal law, Plaintiff's Complaint also alleges a claim under California state law, with which California has greater familiarity.  Further, Plaintiff chose to bring this action in California, where he resides and where the alleged calls were received.   A plaintiff's choice of forum is ordinarily given "substantial weight," *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citations omitted), and is entitled to "greater deference" where, as here, "the plaintiff has chosen its 'home forum.' " *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)).

On balance, Defendants have shown at most a marginal inconvenience of litigating this case in California, which is insufficient to offset the remaining factors, including Plaintiff's choice of forum.  Because Defendants have not made a "strong showing," *Decker Coal*, 805 F.2d at 843, that this case should be transferred to Georgia, Defendants' motion to change venue is denied.[1]

## B. Sanctions

Having concluded transfer is unwarranted, the Court turns to Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  Plaintiff asks the Court to sanction Defendants on the grounds that Defendants' motion to change venue was

---

[1] In their motion to transfer, Defendants also suggest they are not subject to personal jurisdiction in California, but do not move to dismiss on this ground.  In any event, Plaintiff's allegations suffice to establish personal jurisdiction over Defendants, as well as venue in this District. *See Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127-WQH-KSC, 2018 WL 325112, at *4 (S.D. Cal. Jan. 5, 2018) (finding personal jurisdiction where plaintiff alleged defendant violated TCPA by calling a phone number with a forum state area code) (citing cases); *see also Neff v. Towbin Dodge LLC*, No. 220CV00261JAMDMC, 2020 WL 6802188, at *2 (E.D. Cal. Nov. 19, 2020) (finding "substantial part of the events" giving rise to TCPA claim took place in California "where the phone call was directed and where the harm was inflicted" and noting "[c]ourts in TCPA cases have consistently found venue to be proper . . . where the call was received") (citing cases).

1  "baseless and late." (Pl.'s Mot. for Sanctions 1.)  Defendants argue Plaintiff did not comply

2  with Rule 11(c)'s "safe harbor" service requirement for a motion for sanctions,[2] and in any

3  event, their motion to change venue was proper.   Defendants submit errata further

4  explaining the circumstances under which defense counsel received Plaintiffs' motion.

5  Plaintiff argues the Court should not consider Defendants' errata because filing of errata is

6  not permitted by the court's Civil Local Rules.

7         The Court need not resolve the "safe harbor" issue at this time.  Although it is not at

8  all clear that Plaintiff has satisfied the procedural requirements of Rule 11(c), even

9  assuming he has, Defendants' conduct does not warrant the imposition of sanctions.

10        "Rule 11 requires the imposition of sanctions when a motion is frivolous, legally

11  unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn*

12  *v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992) (citing *Operating Eng'rs Pension Trust*

13  *v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)).   In determining whether a claim is

14  frivolous or brought for an improper purpose, the standard is one of objective

15  reasonableness.  *See id.* at 1421.  "'If, judged by an objective standard, a reasonable basis

16  for the position exists in both law and fact at the time the position is adopted, then sanctions

17  should not be imposed.'"   *Id.* (quoting *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801

18  F.2d 1531, 1538 (9th Cir. 1986)).  The central purpose of the rule is to deter baseless filings

19  in district court and streamline administration and procedure of the federal courts.  *See*

20  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  The Ninth Circuit has held:

---

[2]  "The safe harbor provision gives an attorney the opportunity to withdraw or correct a challenged filing by requiring a party filing a Rule 11 motion to serve the motion 21 days before filing the motion."  *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am.*, LLC, 339 F.3d 1146, 1150 (9th Cir. 2003); *see* Fed. R. Civ. P. 11(c)(1)(A); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("The purpose of the safe harbor . . . is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending [filing].").

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs*, 859 F.2d at 1345.

Plaintiff argues Defendants should be sanctioned because their motion for change of venue was late, unsupported by law, and Defendants failed to acknowledge evidence and witnesses located in California. (Pl.'s Mot. for Sanctions 1, 14; Pl.'s Reply to Def.'s Opp'n to Mot. for Sanctions 7.) Plaintiff's arguments are without merit.

Defendants' motion was not, as Plaintiff contends, a "disguised" motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Rather, as Defendants' briefing makes clear, Defendants moved under 28 U.S.C. § 1404(a) for a discretionary change of venue. (Def.'s Mot. for Transfer 3–4.) Defendants filed their motion within a reasonable time following the commencement of the litigation. *Cf. C.Q. v. River Springs Charter Sch.*, No. EDCV18CV1017SJOSHKX, 2019 WL 8589442, at *1 (C.D. Cal. July 29, 2019) (finding motion to change venue untimely at "late stage of litigation" after Ninth Circuit appeal argued); *EEOC v. Lockheed Martin*, No. CIV. 05-00479SPKLEK, 2007 WL 2746800, at *5 (D. Haw. Sept. 19, 2007) (finding motion to change venue untimely when brought after court's deadline for filing non-dispositive motions and facts supporting motion were evident "long before" filing). As discussed above, Defendants had legal and factual grounds for the motion, given that both Defendants reside in Georgia.

Nevertheless, Plaintiff asserts Defendants "lied" to the Court by neglecting to address the following connections to California: (1) Daniel Solemon, a potential witness; (2) other alleged recipients of Defendants' calls; (3) two other entities, Paypal and J2 Global; and (4) Defendant Aiken's previous contacts with California. (Pl.'s Mot. for Sanctions 14.) Plaintiff alleges Daniel Solemon lives in California, relying on a Facebook account of someone with that name, but defense counsel avers Daniel Solemon informed defense counsel he was a resident of Bangladesh. (Decl. of Elliott Kanter in Supp. of Def.'s Opp'n to Mot. for Sanctions ("Kanter Decl."), ¶ 3.) Next, Plaintiff alleges there are ten other California businesses who received unwanted calls from Defendants. However,

1    Defendants aver they did not contact any of these businesses (Decl. of Lee Aiken in Supp.

2    of Def.'s Opp'n to Mot. for Sanctions, ¶ 6), and it appears these purported witnesses were

3    identified by Plaintiff himself (Kanter Decl. ¶ 4; Ex. A to Kanter Decl.).  Plaintiff further

4    contends two California entities with potential evidence—J2 Global, Inc. and Paypal,

5    Inc.—were disclosed in the process of the parties' requests for production of documents.

6    Lastly, Plaintiff relies on alleged contacts between Lee Aiken and California that are

7    unrelated to this action and therefore have no bearing on Defendants' venue argument.

8         Plaintiffs' allegations, at best, indicate the ongoing discovery process has revealed

9    there may be witnesses in California.  In their motion for change of venue, Defendants

10   asserted Defendants had no connection with California and there were no witnesses in

11   California save Plaintiff.  While Defendants' broad statements may not be entirely

12   accurate, their representations do not rise to the level of conduct meriting sanctions.  Given

13   all the circumstances, Defendants' motion—which was grounded in Defendants' residency

14   in Georgia—was not frivolous or improper.  Therefore, even if Plaintiff could demonstrate

15   he complied with Rule 11(c)'s "safe harbor" requirement, sanctions are not warranted here.

16   Plaintiff's motion is accordingly denied.

17        Finally, Defendants request attorneys' fees and costs for time spent opposing

18   Plaintiff's motion for sanctions.  *See* Fed. R. Civ. P. 11(c)(2) ("[T]he court may award to

19   the prevailing party the reasonable expenses, including attorney's fees, incurred . . . .").

20   "Such a request for costs, however, requires a showing similar to that required for a motion

21   brought under Rule 11."  *Simpson v. California Pizza Kitchen, Inc.*, No. 13-CV-164 JLS

22   (JMA), 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013) (citing cases).  Defendants'

23   request is based on Plaintiff's alleged failure to comply with the safe harbor period.  The

24   Court, in its discretion, finds this insufficient to warrant attorneys' fees and thus declines

25   to grant Defendants' request.  *See Bailey v. Pride Mfg. Co., LLC*, No.

26   113CV00051EJLREB, 2014 WL 12607715, at *2 (D. Idaho Apr. 21, 2014) (stating mere

27   denial of motion insufficient to warrant award of attorneys' fees where no evidence

28   suggesting motion was filed in bad faith or for improper purpose).

20-cv-1707-DMS-KSC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### CONCLUSION AND ORDER

For the reasons stated above, the Court DENIES Defendants' motion to change venue and DENIES Plaintiff's motion for sanctions.

**IT IS SO ORDERED.**

Dated:  January 20, 2021

Hon. Dana M. Sabraw
United States District Judge

20-cv-1707-DMS-KSC